UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                  **DECISION AND ORDER**
                                                          10-CR-363S (1)

MICHAEL H. WILSON,

                      Defendant.

## I. INTRODUCTION

Presently before this Court is Defendant Michael Wilson's pro se Motion for Compassionate Release, which the government opposes. See 18 U.S.C. § 3582 (c)(1)(A). For the reasons discussed below, Wilson's motion is denied.

## II. BACKGROUND

On July 18, 2017, Wilson appeared before this Court and pleaded guilty to engaging in wire fraud, in violation of 18 U.S.C. § 1343. (Docket Nos. 122, 123.) Approximately nine months later, on April 4, 2018, this Court sentenced Wilson to 108 months' imprisonment, 2 years' supervised release, $1,975,215.23 restitution, a $100 special assessment, and no fine, fees, or costs. (Docket Nos. 151, 154.) This Court also entered a final order of forfeiture against Wilson in excess of $5.6 million. (Docket No. 152.) Wilson is presently serving his sentence at FCI Allenwood Low, with a release date of January 4, 2024. (Sentence Computation Sheet, Docket No. 160-3.)

On February 16, 2021, Wilson filed a pro se motion for compassionate release under 18 U.S.C. § 3582 (c)(1)(A)(i), which he supplemented on March 1, 2021. (Docket Nos. 156, 159, 163.) He contends that he is the only available caregiver for his elderly and ill mother, and that therefore, he has demonstrated "extraordinary circumstances"

1

warranting his immediate release. The government opposed Wilson's motion on March 5, 2021. (Docket No. 160.) Briefing concluded on March 26, 2021, with the filing of Wilson's reply, at which time this Court took Wilson's motion under advisement without oral argument.[1] (Docket Nos. 164, 165.)

### III. DISCUSSION

**A.     Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A)(i)**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[2] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[1] Wilson subsequently sent this Court a letter, filed on April 8, 2021, in which he further advocated for his release. (Docket No. 166.)

[2] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release after proper exhaustion. See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions. See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020). A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020). If the court finds, after consideration of the applicable 18 U.S.C. § 3553 (a) factors, that the defendant has met this burden, it may reduce the defendant's sentence under the statute. See 18 U.S.C. § 3582 (c)(1)(A)(i); see also United States v. Gileno, 448 F. Supp. 3d 183, 185 (D. Conn. 2020).

The statutory exhaustion requirement is mandatory and "must be strictly enforced." United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (citing Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004)); United States v. Cassidy, 17-CR-116S, 2020 WL 1969303, at *3-8 (W.D.N.Y. Apr. 24, 2020) (finding exhaustion mandatory). The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, [3] or (2) 30 days lapse from the date the warden of the

---

[3] The Scparta court explained the administrative process before the Bureau of Prisons as follows:

> First, an inmate must request the warden of her facility to file a compassionate-release motion on her behalf. 28 C.F.R. § 571.61 (a). Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director. Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's

3

defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction: "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13.

At issue here are the "Family Circumstances" and "Other Reasons" categories. The "Family Circumstances" category provides two grounds for a family-based sentence reduction: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children;" or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."  Id. n. 1 (C).  The "Other Reasons" category is a catch-all provision

---

general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.").  Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel.  Id. § 542.15 (a).  A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

4

encompassing "an extraordinary and compelling reason other than, or in combination with, the [other] reasons described."[4] Id. n. 1 (D).

As it relates to the requirement that a sentence reduction be consistent with the applicable Sentencing Guidelines provisions, U.S.S.G. § 1B1.13 is once again the relevant provision. It provides that a court may reduce a sentence if, after consideration of the 18 U.S.C. § 3553 (a) factors, it determines that

(1) (A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559 (c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142 (g); and

(3) the reduction is consistent with this policy statement.

See U.S.S.G. § 1B1.13.

Finally, district courts have broad discretion in deciding whether to grant or deny

---

[4] The Bureau of Prisons has implemented a Program Statement to guide its own implementation of 18 U.S.C. § 3582 (c)(1)(A). See Bureau of Prisons Program Statement 5050.50, eff. January 17, 2019 (available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query# (last visited June 3, 2021)). But this Program Statement does not constrain this Court's consideration of what qualifies as extraordinary and compelling reasons for compassionate release. As the Second Circuit recently held, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." United States v. Brooker, 976 F. 3d 228, 234-37 (2d Cir. 2020); see also United States v. Marks, 455 F. Supp. 3d 17, 22-25 (W.D.N.Y. 2020) (finding that post-First Step Act, district courts are no longer bound by the specific categories warranting sentence reduction identified by the Sentencing Commission in U.S.S.G. § 1B1.13, including affording any deference to the Director for purposes of U.S.S.G. § 1B1.13 comment n. 1 (D) ("Other Reasons")).

motions for sentence reduction.  See Gileno, 448 F. Supp. 3d at 186.

## B.  Wilson's Motion for Compassionate Release

### 1.  Exhaustion of Administrative Rights

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement.  To satisfy this requirement, a defendant must demonstrate that either (1) he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, or (2) 30 days have lapsed from the date the warden of the defendant's facility received the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

For reasons discussed at length in two previous decisions (fully incorporated herein), this Court has found that the statutory exhaustion requirement is mandatory and cannot be excused.  See Cassidy, 2020 WL 1969303, at *3-8; United States v. Schultz, 454 F. Supp. 3d 217, 220-223 (W.D.N.Y. 2020); accord United States v. Montanez, 458 F. Supp. 3d 146, 149-160 (W.D.N.Y. 2020) (finding § 3582 (c)(1)(A)'s exhaustion requirement mandatory).

Here, Wilson submitted his request for compassionate release to the warden of FCI Allenwood Low on December 21, 2020.  (Docket No. 160-1.)  The warden denied his request on January 14, 2021.  (Docket No. 160-2.)  Thirty days having lapsed since December 21, 2020, this Court finds that Wilson has satisfied the statutory exhaustion requirement, and the government concedes as much.  (See Memorandum of Law, Docket No. 160, pp. 5, 6.)

### 2.  Extraordinary and Compelling Reasons for Sentence Reduction

Wilson has served approximately 61 months of his 108-month sentence. (Docket No. 160-3.) He claims that his immediate release is necessary so that he can care for his handicapped and ailing 69-year-old mother, who suffers from a variety of serious medical conditions and is allegedly at high risk of serious illness from COVID-19. (Docket No. 163.) Wilson acknowledges that his brother (co-defendant William Wilson) lives near their mother and has cared for her in the past, but avers that William is unable to serve as caregiver given the nature of his employment as an over-the-road truck driver, which makes him both largely unavailable and a possible source of COVID-19 transmission. (Docket No. 156, pp. 6, 7.) According to Wilson, his status as the only person willing and able to care for his mother in the midst of this pandemic constitutes an extraordinary and compelling reason for a sentence reduction.

Having thoroughly reviewed Wilson's voluminous submissions and the record as a whole, this Court first finds that Wilson has failed to demonstrate extraordinary and compelling reasons for a sentence reduction under the "Family Circumstances" section of U.S.S.G. § 1B1.13 n. 1 (C). This case involves neither the death or incapacitation of a child's caretaker nor the incapacitation of a spouse or registered partner. See id.

This Court next finds that Wilson has failed to demonstrate extraordinary or compelling reasons under the "Other Reasons" section of U.S.S.G. § 1B1.13 comment n. 1 (D), which allows for consideration of his argument that he is the only person able to care for his ailing mother. See U.S.S.G. § 1B1.13 comment n. 1 (D). Indeed, a defendant's status as the only available caregiver to an incapacitated parent or other close family member can, in some circumstances, constitute an extraordinary and compelling reason for a sentence reduction. See United States v. Yoda, No. 15 CR 95,

2020 WL 5502325, at *2 (S.D.N.Y. Sept. 11, 2020) ("the need to care for one's aging and sick parent may, in certain circumstances, warrant a finding that an extraordinary and compelling reasons exists"); see also United States v. Wooten, No. 3:13-cr-18 (SRU), 2020 WL 6119321, at *4 (D. Conn. Oct. 16, 2020) (recognizing grounds for reduction and collecting cases).  Wilson, however, has failed to establish that he is the only available caregiver for his mother.

First, although Wilson has demonstrated that his mother suffers from numerous medical conditions, he fails to show that her need for care is exacerbated by the pandemic or that she is incapacitated to such a degree that she needs immediate in-home care.  Notably, Wilson filed his motion on February 16, 2021, nearly a year after the COVID-19 pandemic began.  It follows that Wilson's mother has either been able to care for herself through the height of the pandemic or has received whatever assistance she requires from another source.

Second, this Court finds that Wilson's brother, William Wilson, is available to serve as caretaker to their mother.  William Wilson is healthy and employed.  He lives near their mother, has cared for her in the past, and appears to be in a financial position to secure whatever necessary care he is unable or unwilling to personally provide.  This Court is unpersuaded that William Wilson cannot make whatever adjustments might be necessary in his employment or take enhanced precautions to either personally provide or arrange for the care that his mother requires.  That it may be easier and less disruptive for Wilson to be released and serve as caretaker instead is not an extraordinary and compelling reason for a sentence reduction.  See United States v. McBriarty, No. 3:16-cr-109 (SRU), 2021 WL 1648479, at *8 (D. Conn. Apr. 27, 2021) (denying sentence reduction where the

defendant's siblings were available to care for their mother and observing that "[a]lthough it seems that McBriarty may be the *best* available caregiver for his ailing mother, he is not her *only* available caregiver" (emphasis in original)).

Third, Wilson fails to establish that no alternative sources of care are available, including other family and friends or social service and community programs. While this Court understands that Wilson and his mother prefer that Wilson serve as caregiver given their close relationship, this preference does not amount to an extraordinary and compelling reason for a sentence reduction. See United States v. Lindsey, No. 13 Cr. 271 (LTS), 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) ("[C]ourts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions before concluding that an extraordinary and compelling reason has been established.").

Fourth, while this Court does not discount Wilson's fear that his mother could contract COVID-19 from a caregiver less careful than he promises to be, the reality is that this is a fear shared by millions of particularly susceptible people who require care. Moreover, the pandemic appears to be waning, and the availability of vaccines offers increased protection. This generalized fear therefore does not serve as a compelling basis for relief.

For all of these reasons, this Court finds that Wilson fails to demonstrate extraordinary and compelling reasons for a sentence reduction. In short, he is not the only available caregiver for his ailing mother.[5]  See United States v. Irizzary, Criminal

---

[5] Wilson's reliance on United States v. Bucci is misplaced. 409 F. Supp. 3d 1, 2 (D. Mass. 2019). While the court granted compassionate release in Bucci, it did so only upon finding that Bucci successfully demonstrated that he was the "only available caregiver" for his mother. See id. Wilson has made no such showing here. And tellingly, the Bucci court observed that Bucci's showing was a "unique occurrence"

9

Action No. 14-652-13, 2021 WL 735779, at *8 (E.D. Pa. Feb. 25, 2021) (denying sentence reduction where family members other than the incarcerated defendant were available to care for ailing family member); United States v. Pabon, 17 Cr. 312 (JPC), 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021) (denying motion for compassionate release for, among other reasons, defendant's failure to show that he was his wife's only available caretaker); United States v. Lindsey, No. 13-CR-271-LTS, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (denying sentence reduction on basis that defendant failed to show that no other family member or other caretaker could provide the necessary care); United States v. Moore, Criminal Action No. 14-209-2, 2020 WL 7024245, at *6 (E.D. Pa. Nov. 30, 2020) (denying sentence reduction where other family members were available to care for defendant's ill mother).

### 3. Consideration of the § 3553 (a) Factors

Even if Wilson had demonstrated extraordinary and compelling reasons for a sentence reduction (which he has not), this Court would find that those reasons are outweighed by consideration of the § 3553 (a) factors and that Wilson's original sentence would be undermined by a sentence reduction. See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors); see also Ebbers, 432 F. Supp. 3d at 430-31. The § 3553 (a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just

---

given that inmates often have siblings or other family members available to care for their parents, as Wilson does here. See id.; see also United States v. Irizzary, Criminal Action No. 14-652-13, 2021 WL 735779, at *8 (E.D. Pa. Feb. 25, 2021) (noting that Bucci distinguished the defendant's "unique situation" [of being the only available caregiver] from the more common circumstance in which siblings or other family members are able to care for parents). Because it is readily distinguishable, Bucci is not instructive.

punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553 (a).

Wilson perpetuated an elaborate, multimillion dollar fraud on unsuspecting investors who entrusted him with their savings and retirement monies with the promise of substantial returns.  Instead, using theft, deception, and dishonesty, Wilson converted their money to fund his lavish lifestyle, including multimillion dollar homes, multiple luxury automobiles, artwork, and the like.  His deception was extraordinary: he acted under an alter-ego alias; he hired an actor to portray his alter ego to further his fraud; and he used various companies to hold financial accounts that he in fact controlled.  In all, investors lost more than $5.2 million, but the total intended loss exceeded $10 million.

After receiving a target letter from the United States Attorney's Office informing him that he was under investigation, Wilson fled to Canada, where he continued his scheme to defraud investors.  And when he lost his appeal of the determination that he was extraditable to the United States, Wilson fled to Vietnam, where he was eventually arrested.  Upon his return to the United States, Wilson obstructed justice by instructing his mother to access, hide, and further conceal his ill-gotten gains.

For this serious criminal activity, this Court imposed a 108-month sentence, which was fair, just, and reasonable.  A reduction to time served at this point, with Wilson having served only 60 months, would severely undermine the original sentence.  Such a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant.  See 18 U.S.C. § 3553 (a).  Such a reduction would also result

in unwarranted sentencing disparities.  Id.  Accordingly, this Court finds that consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction.

### 4. Consistency of a Reduction with U.S.S.G. § 1B1.13

Finally, even if Wilson had demonstrated extraordinary and compelling reasons for a sentence reduction that are not outweighed by consideration of the § 3553 (a) factors (which he has not), this Court would find that a sentence reduction is not consistent with U.S.S.G. § 1B1.13.  See 18 U.S.C. § 3582 (c)(1)(A) (requiring that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commission); U.S.S.G. § 1B1.13 (2).  This inquiry requires a determination as to whether the defendant poses a danger to the safety of any person or to the community if released.

Given the breadth and sophistication of his financial scheme, his obstruction of justice, and his flight from prosecution, this Court finds that Wilson would pose a danger to the safety of the community if released at this time.  While Wilson rightly notes that this is his only conviction and that the BOP deems him at reduced likelihood to recidivate, this Court cannot overlook the scope of Wilson's fraud and his unabashed victimization of so many people, causing some to teeter on the brink of bankruptcy and divorce.  The nature of Wilson's criminal conduct and the lengths he went to defraud and elude, in this Court's view, make him a danger to the community if released at this time.  A sentence reduction in this case would therefore not be consistent with U.S.S.G. § 1B1.13.

### IV. CONCLUSION

For all of the reasons stated above, this Court finds that compassionate release and a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted.  Wilson's

motion will therefore be denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Wilson's Motion for Compassionate Release (Docket No. 156) is DENIED.

SO ORDERED.

Dated: June 8, 2021
Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge